[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 9, 2009
THOMAS K. KAHN
CLERK

_____

No. 06-14461
Non-Argument Calendar

_____

D. C. Docket No. 03-80146-CR-KAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES J. KERNS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 9, 2009)

Before TJOFLAT, EDMONDSON and BLACK, Circuit Judges.

PER CURIAM:

Charles J. Kerns, Sr., appeals his 240-month sentence imposed on remand of his case for resentencing, following his convictions for conspiracy to commit securities fraud, 18 U.S.C. § 371, securities fraud, 15 U.S.C. §§ 78j(b) and 78ff(a), wire fraud, 18 U.S.C. § 1343, and money laundering, 18 U.S.C. § 1957. Kerns appeals the district court's denial of his appointed counsel's motion to withdraw from further representation prior to resentencing. Kerns asserts the district court abused its discretion in denying counsel's motion to withdraw because his complaints about his attorney's performance during his original pre-trial, trial, sentencing, and appellate proceedings created a conflict of interest between himself and counsel. He contends he was prejudiced by the district court's denial of the motion because a different attorney would have raised arguments regarding the loss calculation used to determine his sentence, and, as a result, he would have received a lower sentence. Kerns further argues his sentence was substantively unreasonable because: (1) his advanced age rendered his 240-month sentence a *de facto* life sentence; and (2) his codefendants received sentences substantially shorter than the sentence he received.

## I.

We review a district court's ruling on counsel's motion to withdraw for abuse of discretion. *United States v. Calderon*, 127 F.3d 1314, 1343 (11th Cir.

1997). In *Calderon*, we held the district court did not abuse its discretion in denying counsel's motion to withdraw from further representation, where, although the defendant had vigorously complained about counsel's performance at trial, the defendant and his counsel had communicated with each other about the defendant's sentencing hearing. *Id.* at 1342-43. As the basis for his motion to withdraw, counsel referred to a series of *pro se* letters the defendant had written to the district court after his conviction, in which the defendant asserted that counsel had failed to file proper motions, was biased and inexperienced, and was unenthusiastic about his representation of the defendant. *Id.* Counsel argued his continued representation of the defendant would be unethical and contrary to his client's wishes, but conceded he still could make legal arguments on the defendant's behalf. *Id.* at 1343. This Court reasoned the district court had not abused its discretion in denying counsel's motion because counsel had been able to communicate with the defendant regarding the sentencing hearing. *Id.*

The record reflects Kerns and his counsel remained able to communicate about his resentencing proceedings. Additionally, counsel admitted, both at the hearing on his motion to withdraw and at resentencing, that he could represent Kerns in an ethical and competent manner. Therefore, the district court did not abuse its discretion in denying counsel's motion to withdraw. Because the district

3

court did not abuse its discretion, we do not discuss Kerns's assertion that a different attorney may have successfully argued for a lower loss amount attributable to him under the Guidelines.

## II.

We review a defendant's sentence for reasonableness. *Gall v. United States*, 128 S. Ct. 586, 594 (2007); *United States v. Talley*, 431 F.3d 784, 785 (11th Cir. 2005). Review for reasonableness is deferential. *Talley*, 431 F.3d at 788. The reasonableness of a sentence is reviewed under an abuse-of-discretion standard regardless of whether the sentence imposed is inside or outside a defendant's guideline range. *United States v. Pugh*, 515 F.3d 1179, 1189-90 (11th Cir. 2008) (citing *Gall*, 128 S. Ct. at 597). Under the abuse-of-discretion standard, we will reverse only if the district court made a clear error of judgment. *Id.* at 1191. "[A] sentence may be substantively unreasonable, regardless of the procedure used." *United States v. Hunt*, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006).

The party challenging the sentence "bears the burden of establishing that the sentence is unreasonable in the light of [the] record and the factors in section 3553(a)." *Talley*, 431 F.3d at 788. We have recognized that "there is a range of reasonable sentences from which the district court may choose." *Id.* Where the court imposes a sentence that is within the guideline range, we ordinarily expect

4

that sentence to be reasonable. *Id.* Where the sentence imposed is outside the guideline range, we may not presume the sentence is unreasonable. *Gall*, 128 S. Ct. at 597. We have rejected a defendant's argument that his 305-month sentence was unreasonable under § 3553(a) because he was 65 years' old when he was sentenced. *United States v. Dowd*, 451 F.3d 1244, 1256-57 (11th Cir. 2006) (noting that § 5H1.1 generally discourages the use of age as a basis for a downward departure). Under 18 U.S.C. § 3553(a)(6), a district court should consider, among other things, "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." We have held a defendant's sentence was reasonable in light of § 3553(a)(6) where, although the defendant's sentence was greater than the sentences his codefendants received, factors such as the defendant's role in coordinating a scheme or his codefendants' substantial assistance to the government caused the disparity to be reasonable. *See, e.g.*, *United States v. Thomas*, 446 F.3d 1348, 1356-57 (11th Cir. 2006) (holding the defendant's 121-month sentence was reasonable despite the fact that his codefendants' sentences ranged from 41 to 53 months' imprisonment because the defendant had coordinated the offense); *United States v. Williams*, 526 F.3d 1312, 1323 (11th Cir. 2008) (holding the defendant's sentence was reasonable, despite the fact that a co-defendant received a substantially shorter

sentence, because the co-defendant's sentence reflected his substantial assistance to the government).

Kerns has not met his burden of demonstrating his sentence was unreasonable in light of the § 3553(a) factors. *Talley*, 431 F.3d at 788. In consideration of Kerns's age, the district court weighed Kerns's advanced age against the seriousness of his offense and the need to protect the public from fraud, and, accordingly, varied downward from the minimum of Kerns's guideline range by 84 months. In light of the Sentencing Commission's general disfavor of age as a mitigating factor, the fact that the district court did not give Kerns a further downward variance based on his age did not cause his sentence to be unreasonable. *See* U.S.S.G. § 5H1.1; *Dowd*, 451 F.3d at 1256-57. Moreover, while Kerns received a substantially longer sentence than his four codefendants, various factors warranted this disparity. First, two of Kerns's four codefendants were not convicted of the same conspiracy as Kerns, but of unrelated money marketing conspiracies. Second, Kerns did not dispute that each of his codefendants had cooperated with the government and received substantial-assistance departures under U.S.S.G. § 5K1.1. Third, while the record reflects that Kerns's codefendants participated in the conspiracy by illegally selling stock, Kerns was the one who fraudulently solicited the stock and directed the stock be sold. Thus, the

dissimilarities between Kerns and his codefendants were such that it was not unreasonable for Kerns to receive a substantially longer sentence than his codefendants. *See Thomas*, 446 F.3d at 1356-57; *Williams*, 526 F.3d at 1323. The district court did not abuse its discretion in determining a 240-month sentence was necessary to reflect the seriousness of Kerns's offense, deter crime, and protect the public. 18 U.S.C. § 3553(a); *Pugh*, 515 F.3d at 1189-90. Thus, Kerns has not met his burden of demonstrating his sentence was substantively unreasonable. *Talley*, 431 F.3d at 788.

Accordingly, after review of the record and the parties' briefs, we affirm.

**AFFIRMED.**